Catron, Ch. J.
It is insisted in this case, that no judgment can be pronounced upon the prisoner for the crime of murder in the first degree, as found by the jury, because, he is not indicted for that offence; the indictment being good for murder in the second degree only. The indictment is in the common law form, except that it concludes against the form of the statute. The second section of the penal code, or act of 1829, ch. 23, defines,the crime of murder as follows: “If any person of sound memory and *530 discretion, unlawfully kill any reasonable creature m being;, , ’ , J , ;' ~ .. .. - and under the peace of the otate, with malice atore-thought, either express or implied, such person shall be-deemed guilty of murder.” The third section provides, “that all murder which shall be perpetrated by means of poison, or by lying in wait, dr by any kind of wilful, deliberate, malicious and premeditated killing; or which shall be committed in the perpetration of, or attempt h> perpetrate any arson, rape, robbery, burglary, or larceny,, shall be deemed murder in the first degree; and all other kinds of murder shall be . deemed murder in the second degree: and the jury, before whom any person indicted for murder, shall, if they find such person guilty thereof, ascertain in their verdict, whether it be murder of the first or second degree. But if such person shall confess his guilt, the court shall proceed ■ by impannelling of a jury, and examination of testimony, to find and determine the degree of the crime, and to give sentence accordingly.” The second section of the act above quoted,' gives the general definition of murder, of course, it includes murder in both its degrees. The definition of murder, by the common law and by the statute is precisely the same. All murder, in fact all felonious homicide by the common law, is included in this general definition. At common law, if a man killed anothfer with an axe, with malice aforethought, and with an intent to rob him, or committed the same offence deliberately, but without the intention to rob, or committed it upon a sudden heat, but without any adequate provocation, so as to mitigate the crime to manslaughter; each of these cases, and numerous others that might be enumerated, would come under, and be included in the general definition of murder; and the mode of charging the offence in each case would be precisely the same. If each of these offences would be included in the general definition of murder, at common law, it is impossible that they are not included in precisely the same definition given by the statute. It *531 follows then, as a necessary consequence, that the second section of the act of 1829, includes murder in both its degrees. If, then, murder in both its degrees is included in the definition given in the second section of the act, an indictment, charging the offence' according to said second section, must likewise include murder in both its degrees. The defendant here is indicted for the crime of murder generally. The offence charged in the bill of indictment is murder, according to the common law, and according to the second section of the penal code. Murder in both its degrees is charged upon him in the bill of indictment. This view of the question is still further enforced by the provisions of the third section above ■ quoted. It says, “All murder,” not all unlawful homicide, but, “all murder” (that is, all murder, as defined in the second section) perpetrated by means of poison, by lying in wait, &c. shall be murder in the first degree, and all other kinds of murder, as before defined, shall be murder in the second degree. And. the jury, before whom any person “indicted for murder” shall he tried, shall, if they find such person guilty thereof, ascertain in their v.erdict, whether it be murder in the first or second degree; but if such person shall confess his guilt, the court- shall proceed by empannelling of a jury, and examination of testimony, to find and determine the degree of the crime. What crime? The crime of murder generally, as defined in the second section, which crime - includes two degrees, as prescribed in the third section.
The next question to be considered is, does the statute contemplate that indictments for murder shall be as heretofore, in the common law form? It is, believed so far as relates to murder, and all kinds of felonious homicide; that even without reverting to the seventy-second section of the penal code, an indictment for murder ought to be founded upon the second section of the act, and should describe the offence, according to the definition of “the crime” there given. The second section of the act de *532 fines “the crime; the third section lays down certain , , . , , . , J , . rules by which the jury are to he governed, m ascertam-jng the degree of guilt, that is, the circumstances of aggravation or'extenuation. Most unquestionably, then, the indictment ought to be founded upon the second section which defines the crime. So far as it relates to murder, the only difference between an indictment for murder upon the statute, and an indictment for the same offence at common law would be, that the one would conclude against the form of the statute, and the other'would he good without it. The seventy-second section, however, does away even with-this difference. It provides, that “all indictments f<?r offences under this act, which are offences at common law,.shall be good, if the offence be described according to the common law, or according to this statute, and the party charged, on conviction, shall receive the punishment precribed by this act.” Is murder one of the offences enumerated in this act? It is the very first offence that is enumerated. Is murder as defined in this act, an offence at common law? It is the identical same crime, both by the common law and by statute. Is the offence of murder, with which the defendant is accused, described or charged in the indictment according to the sommon law, or according to this statute? It is described and charged both according to the common law and the statute.'
The defendant’s counsel contend, that the expression “according to the common law,” does not refer to the definition of the offence at common law, but to certain rules of the common law, which are to be observed in drawing indictments. This argument is altogether untenable. The statute says, the indictments shall be good, if the offence be described, “according to the compion law, or according to this statute.” Now there are no rules in the statute for drawing indictments, for offences mentioned in the act, which are offences at common law, .except the definitions that are given of them. The ex *533 pression, “according to this statute,” must mean, accord- ‘ mg to the definitions or descriptions ot the offences given in the statute; and the expressions, “according to the common law,” must mean according to the definitions or descriptions of the offences given at common law.
The conclusion, then, is, that under this section the indictment is good, the offence being described according to the statute; and it is also good as a common law indictment, for although it concludes against the form of the statute, that does not vitiate it as a common law indictment. The-indictment then is good both at common law and by statute.
It is asked, though, how is the degree of crime to be ascertained, if it is not charged in the bill-of indictment? The crime of murder, which includes both its degrees, is charged in the bill of indictment, and the statute directs “the jury before whom any person indicted for murder shall be tried, shall, if they find such person guilty thereof,” that is of murder; “ascertain^ in their verdict whether it be murder of the first or second degree; but if such person shall confess his guilt, the _ court shall proceed by the empannelling of a jury, and examination of testimony, to firid and determine the degree of the crime.” It is the verdict of the jury, then, and notrthe indictment that is to ascertain the degree of the crime. , It is uséless to enlarge upon this part of the case, as it' is fully discussed in the opinion delivered by Judge Green, in this cause, when it was before the court at a previous term, and which is reported in 5 Yerg. Rep. 340.
The conclusion which results, is, that indictments for murder, under the act of 1829, ch. 23, are good, if the indictment is good at common law; and that the verdict of the jury, and not the indictment, is to ascertain the degree of the crime, whether it be murder of the first or second degree; and if upon an indictment for murder in the common law form, the jury find the defendant guilty *534 of murder in the first degree, the sentence of death must follow if there is nothing else in the case to obviate it.
I concur with Judge Green in his opinion and view of the other points, in this cause, as delivered at this term.
The foregoing opinion was drawn under my directions, and at my request, -by James Campbell, Esq., the author of the Penitentiary Code, and which I adopt,, and deem jthe true construction of the act.